

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
07/05/2017

| | | |
|---|---|---|
| IN RE § § § | | |
| JEFFREY R. KASTENDIECK, § § | CASE NO. 16-36459-H5-7 | |
| Debtor, § § | | |
| COOLEY CONSTRUCTION, LLC, § § | | |
| Plaintiff, § | | |
| v. § | ADV. NO. 17-3152 | |
| § § | | |
| JEFFREY R. KASTENDIECK, § § | | |
| Defendant. § § | | |

## ORDER

Cooley Construction, LLC ("Plaintiff") filed the complaint in this adversary proceeding seeking to except its debt from discharge under Sections 523(a)(2)(A) (fraud) and 523(a)(4) (defalcation while acting in a fiduciary capacity). The complaint recited the elements under those sections, but contained no factual allegations other than to incorporate by reference its petition in state court and the state court's "no answer" default judgment against Debtor. Debtor seeks dismissal for failure to state a claim, asserting that the complaint fails to state a plausible claim under those sections. The Court conditionally grants the motion to dismiss, with leave to amend within 14 days.

P:\kastendieck-3152.20170705.wpd

I. <u>The Complaint Fails to State a Claim</u>

Plaintiff filed its complaint on March 20, 2017. Plaintiff seeks relief under Sections 523(a)(2)(A) (fraud) and 523(a)(4) (defalcation while acting in a fiduciary capacity) regarding the default on a construction contract between Plaintiff and Debtor's entity, Kastendieck Construction, Inc. d/b/a KACI Builders ("KACI"). The complaint recites that Plaintiff sued Debtor and KACI in state court, and obtained a default judgment on October 21, 2016. The complaint does not contain any factual allegations of fraud or defalcation in a fiduciary capacity, but rather incorporates by reference the state court petition and default judgment.

In order to state a claim, the plaintiff must allege enough facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). While a complaint need not contain detailed factual allegations, it must contain "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The Court may, but is not required to, incorporate documents by reference on a motion to dismiss for failure to state a claim on which relief can be granted. *See Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152 (9th Cir. 2012).

The state court petition states claims for breach of contract, suit on a sworn account, quantum meruit, misapplication of trust funds, violation of the Texas Property Code, and negligent misrepresentation in addition to claims based on fraud and fraudulent inducement. The elements of the state law causes of action are not identical to those under Sections 523(a)(2)(A)

and 523(a)(4). The state court judgment does not differentiate the grounds on which the state court awarded judgment. Debtor cannot reasonably be required to frame a responsive pleading in light of the broad allegations in the state court petition. The Court concludes that incorporation by reference is inappropriate in this case. Thus, the complaint fails to state a claim upon which relief can be granted.

## II. Leave to Amend is Granted

Federal Rule of Civil Procedure 15 mandates that leave to amend be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). However, it is within the Court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863 (5th Cir. 2000). Amendment is futile if the new complaint could not survive a motion to dismiss. *Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, 620 F.3d 465 (5th Cir. 2010).

Facts set forth within the state court petition, if they had been properly pled in the complaint with particularity as required by Fed. R. Civ. P. 9, may state claims under Sections 523(a)(2)(A) and 523(a)(4). Thus, amendment is not futile, and Plaintiff is granted leave to amend the complaint within 14 days.

Signed at Houston, Texas on July 5, 2017.

KAREN K. BROWN
UNITED STATES BANKRUPTCY JUDGE